Israel GANAPOLSKY,
Plaintiff, Appellee,

v.

KELTRON CORPORATION,
Defendant, Appellant.

Israel GANAPOLSKY,
Plaintiff, Appellant,

v.

KELTRON CORPORATION,
Defendant, Appellee.

Nos. 86–2010, 86–2052.

United States Court of Appeals,
First Circuit.

Argued May 7, 1987.
Decided July 24, 1987.

David Efron, San Juan, P.R., for Israel Ganapolsky.

Rafael Perez-Bachs with whom McConnell Valdes Kelley Sifre Griggs & Ruiz-Suria, Hato Rey, P.R., was on brief, for Keltron Corp.

Before BOWNES and BREYER, Circuit Judges, and CAFFREY,* Senior District Judge.

BREYER, Circuit Judge.

These two appeals arise out of the same suit, a suit brought by Dr. Ganapolsky claiming that Keltron Corp. broke a contractual promise to supply him with adequate software for use with computer equipment that he had bought from Keltron. The district court dismissed Ganapolsky's claim as a sanction for his attorney's failure to comply with discovery orders. Fed.R.Civ.P. 37(b)(2)(C). The court also denied Keltron's motion for certain costs, expenses, and attorney's fees.

In the first appeal, Ganapolsky says that the district court lacked the legal power to dismiss his suit. Rule 37(b)(2) says that a court may "dismiss[ ] the action" as a sanction for certain discovery failures, but it also says that the court's order must be "just." Ganapolsky says that dismissal here was not "just."

The record, however, belies Ganapolsky's contention. It reveals (among other procedural errors) a sorry history of counsel's failure to comply with discovery

* Of the District of Massachusetts, sitting by designation.

requests, even in the face of warnings, admonitions, monetary sanctions, and, finally, a court order stating:

> Israel Ganapolsky is expressly admonished that he has been granted all reasonable opportunities to pursue his cause of action and to ultimately present its merits notwithstanding his attorney's conduct and that from this day onward he will be held responsible for any further obstructions motivated by his attorney. Sanctions including, but not limited to, dismissal of this cause of action shall be imposed against plaintiff as a party should further delay ensue.

To be more specific, in one key instance, Keltron sent interrogatories to Ganapolsky asking for "each and every fact" upon which Ganapolsky based the claims in his complaint. Ganapolsky's eventual reply simply stated that the complaint already set forth all the facts. The complaint, however, does not describe the contract in detail; it does not provide relevant dates or the details of relevant conversations; indeed, it suggests that Keltron's main failure was a failure to supply an "Industrial Medical Questionnaire addition (English version)," although Ganapolsky's appellate brief says that Keltron's failure was in not supplying a Spanish translation. The magistrate reasonably considered the interrogatory answers nonresponsive, and he ordered more detailed replies. Ganapolsky never supplied them.

Ganapolsky points out that on November 27, 1985, the district court adopted a magistrate's recommendation to admonish counsel for his failings, but it did not dismiss the action. He adds that the court (through a different judge) dismissed his suit on March 20, 1986. He then claims that this dismissal was "unjust" because "nothing had changed" between the time of admonition and the time of dismissal. The short and conclusive answer to this contention is that four additional months had passed without compliance. Under the circumstances—both those mentioned here and others referred to in the opinions of the district court and magistrate—we find more than sufficient "just" cause for dismissing the action. *Cf. National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (upholding dismissal where plaintiff, in the face of warnings, failed to answer interrogatories for seventeen months); *Brockton Savings Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 9–12 (1st Cir. 1985) (upholding default judgment where defendant repeatedly disobeyed orders to produce documents and later stated that the documents did not exist), *cert. denied sub nom. First United Fund v. Brockton Savings Bank*, — U.S. ——, 106 S.Ct. 1204, 89 L.Ed.2d 317 (1986); *Damiani v. Rhode Island Hospital*, 704 F.2d 12 (1st Cir.1983) (upholding dismissal where plaintiff repeatedly missed discovery deadlines and ultimately filed only "woefully inadequate" answers to interrogatories); *Corchado v. Puerto Rico Marine Management, Inc.*, 665 F.2d 410 (1st Cir.1981) (upholding dismissal where plaintiff's attorneys repeatedly failed to respond to discovery orders), *cert. denied*, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982).

The second appeal raises a more difficult legal question. After the district court dismissed Ganapolsky's suit, Keltron, pointing to P.R.R. Civ.P. 35.1, asked for $17,988 in attorney's fees, expenses, and costs incurred after Keltron had offered, in October 1984, to settle the suit for $10,000. Rule 35.1 governs the award of costs and fees after one party makes a settlement offer that the other party rejects. In such a circumstance,

> [i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs, expenses and attorney's fees incurred after the making of the offer.

Puerto Rico's Supreme Court has expressly held that this rule (unlike its federal counterpart) permits recovery of costs, fees and expenses by a defendant/offeror when the plaintiff/offeree loses the suit in its entirety. *Hermandad Unida de Carpinteros y Ebanistas de America v. V. & E. Engineering Construction Co.*, 115 D.P.R. 711 (1984); *cf. Delta Air Lines v. August*, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981) (provision of Fed.R.Civ.P. 68 that

party who rejects a settlement offer and then obtains a less favorable judgment is liable for offeror's post-offer costs does not apply where offeree loses case). The district court denied Keltron's motion, stating only that it did so "[i]n the exercise of discretion."

It seems clear to us that Puerto Rico's rule, and its law interpreting that rule, govern in this diversity case. *See Velez v. Crown Life Insurance Co.*, 599 F.2d 471, 474 (1st Cir.1979) (Puerto Rico rule taxing attorney's fees against "obstinate" party applies in diversity cases); *Pan American World Airways v. Ramos*, 357 F.2d 341, 342 (1st Cir.1966) (same). We also recognize that, under the Supreme Court's interpretation of that rule, Keltron is presumptively entitled to costs, expenses, and attorney's fees. *Hermandad v. V. & E. Engineering, supra.* The rule does not, however, deprive the district court of all discretion. Rather, according to the majority in *Hermandad,* 1) Rule 35.1 does not authorize the awarding of fees where "within the context of each case, the offer is not realistic, reasonable, or the product of good faith," Official Translation at 5, and 2) the district court "preserves its discretion to determine the reasonableness of the amount of attorney's fees the offeror wishes to recover," *id.* The two concurring justices noted a third qualification, namely, that Rule 35.1 does not authorize an award where the losing party was not "obstinate." *Cf.* P.R.R.Civ.P. 44.1(d) ("Where a party has been obstinate, the court shall in its judgment impose on such person the payment of a sum for attorney's fees."). To be more specific, the concurring judges concluded 3) that Rule 35.1 does not permit the award of reasonable attorney's fees, even given the presence of a reasonable settlement offer, if the offeree's "rejection" of the offer itself "was reasonable." *Hermandad,* Official Translation (Yunque, J., concurring) at 4; *see also Hermandad* (Lopez, J., concurring).

■ We cannot tell, on the basis of the record before us, why the district court denied Keltron's motion. For one thing, we do not know whether the court errone-

ously applied federal, rather than Commonwealth, law. For another thing, even if the court did apply the Puerto Rico rule, we cannot tell whether the court 1) believed that $10,000 (in the context of this case) was not a reasonable offer, or 2) believed that $17,988 in costs and fees was an unreasonable request (given Keltron's own tendency to prolong this litigation), or 3) rested its conclusion on the premise that "obstinacy" is a necessary condition for awards under Rule 35.1. Because we cannot review the court's decision without the answers to these questions, we remand this case for reconsideration *de novo* of Keltron's motion.

*Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion.*