Israel GANAPOLSKY, Plaintiff,

v.

KELTRON CORPORATION, Defendant.

Civ. No. 83–0131 (JAF).

United States District Court,
D. Puerto Rico.

Sept. 30, 1987.

David Efrón, San Juan, P.R., for plaintiff.

Rafael Pérez–Bachs, McConnell Valdes Kelley Sifre Griggs & Ruiz–Suria, San Juan, P.R., for defendant.

## OPINION AND ORDER

FUSTE, District Judge.

This action is before us on remand from the Court of Appeals for the First Circuit. *Ganapolsky v. Keltron Corp.*, 823 F.2d 700 (1st Cir.1987). While the court affirmed the dismissal of plaintiff's case for failure to prosecute, it vacated our denial of attorney's fees requested by the defendant, because we failed to explain the rationale behind our discretionary decision. We now backtrack and review anew.

After dismissal of the case, defendant Keltron Corporation requested $17,988 in attorney's fees, expenses, and costs incurred from the date on which it offered to settle the suit for $10,000. Pursuant to Puerto Rico Rule of Civil Procedure 35.1, 32 L.P.R.A. App. III, R. 35.1,[1]

> [i]f the judgment finally obtained by the offeree is not more than the offer, the offeree must pay the costs, expenses, and attorney's fees incurred after the making of the offer.

The Circuit court recognized that, given the Supreme Court of Puerto Rico interpretation of this rule, as discussed in *Hermandad Unida de Carpinteros y Ebanisteros de América v. V. & E. Engineering Construction Co.*, 115 D.P.R. 711 (1984), there is a presumption of entitlement to the fees in Keltron's favor. The Circuit, recognizing that we still may exercise discretion in the matter, vacated our decision because a reviewable record was lacking:

> We cannot tell, on the basis of the record before us, why the district court denied Keltron's motion. For one thing, we do not know whether the court erroneously applied federal, rather than Commonwealth, law. For another thing, even if the court did apply the Puerto Rico rule, we cannot tell whether the court 1) believed that $10,000 (in the context of this case) was not a reasonable offer, or 2) believed that $17,988 in costs and fees was an unreasonable request (given Keltron's own tendency to prolong this litigation), or 3) rested its conclusion on the premise that "obstinacy" is a necessary condition for awards under Rule 35.1.

*Ganapolsky v. Keltron Corp.*, 823 F.2d at 702.

In light of the appellate opinion, Keltron has renewed its application for costs, expenses, and attorney's fees. It now asks for a total amount of $41,443.01, which represents an additional $23,454.58 incurred since January 31, 1986, "without waiving so-called 'pursuit fees,' i.e., Keltron's fees relative to this renewed application and subsequent proceedings thereon."

Therefore, considering the criteria sanctioned by the Circuit Court as articulated

---

1. Even though this is a diversity case, 28 U.S.C. sec. 1332, and the substantive Puerto Rico law applies under the *Erie v. Tompkins* doctrine, we fail to see why the local rule on offers of judgment overrides Fed.R.Civ.P. 68 on the same topic, i.e., offer of judgment. The local rule follows the federal model. As a matter of fact, the federal rule would, in our view, apply not as substantive law, but as an available federal procedural remedy. *See Ganapolsky*, 823 F.2d at 702, *citing Vélez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir.1979); *see also Sanabria v. Intern. Longshoremen's Ass'n Local 1575*, 597 F.2d 312 (1st Cir.1979). The *Vélez* case does not hold that the local offer of judgment rule applies in diversity cases. Both *Vélez* and *Sanabria* decide that the Puerto Rico rule taxing attorney's fees against obstinate parties applies in diversity cases, 32 L.P.R.A. App. III, R. 44.1.

Both appellate opinions fail to consider Fed.R. Civ.P. 68 or the Rules Civ.Proc., Rule 35.1. In any event, we now find that the result under either rule is the same for the purposes of this case. Furthermore, we say that whenever considering attorney's fees, an immediate distinction should be made on whether we are proceeding under the offer of judgment route, Local Rule 35.1 and/or Federal Rule 68, or whether we are proceeding under the obstinacy-temerity route, Rules Civ.Proc., Rule 44.1, 32 L.P. R.A. App. III, R. 44.1. Both concepts obviously interplay, and in strict observance of local practice under the local rules, Puerto Rico courts of first instance are not generally required by Puerto Rico Supreme Court precedent to explain such specific exercise of discretion. As we see it, future Circuit precedent, if not this case, may enlighten us on the subject here raised.

by the Supreme Court of Puerto Rico in *Hermandad, supra,* we make the following findings and observations:

## I.

Ganapolsky filed this breach-of-contract claim in federal court based upon diversity jurisdiction. He asked for damages amounting to over $190,000. Keltron's offer of judgment was for $10,000.

While we cannot say that the offer was unreasonable, neither can we say that it *was* reasonable. Ganapolsky's suit was dismissed as the final sanction for an extensive list of failures by plaintiff to comply with discovery.[2]

The action was dismissed on a procedural technicality. This court never had the opportunity to pass upon the fully-litigated merits of the case in that most of our interaction was in trying to find plaintiff's attorney in the maze which he himself created out of the most basic pretrial procedures. We chose, however, not to award fees pursuant to a finding of reasonableness, where we could not in good faith make such a finding. Additionally, we did not want to encourage defending attorneys to make unrealistic offers of judgment in order to recover fees should the case be dismissed prior to trial on a technicality as it happened in the present case.

The defendant's tendency to prolong this litigation, which also influences our decision, was recognized by the Circuit court, *Ganapolsky,* 823 F.2d at 702. Defendant's attorney took full advantage of counsel for plaintiff's inadequacy, to overkill with a barrage of discovery and motions which bordered on abusive. We hesitate to make plaintiff pay for the tactics used by defendant to defeat him. The previously ordered dismissal constitutes as harsh a sanction as we wished to impose.

Furthermore, if we follow the second route, i.e., that of temerity and/or obstinacy, we cannot find that plaintiff was obstinate and that attorney's fees should, therefore, be awarded under the Rules Civ.Proc., Rule 32 L.P.R.A. App. III, R. 44.1(d).[3] We find that plaintiff's failures and delays were due to the fact that plaintiff's attorney was overwhelmed by the defense rallied against him.

For the above-stated reasons, attorney's fees are denied.

IT IS SO ORDERED.

---

**2.** Prior sanctions included three orders directed to plaintiff's attorney requiring that he pay attorney's fees for having caused delays and multiplicities due to his conduct, as well as warnings of dismissal which the court ordered to be noticed directly to plaintiff in addition to his counsel.

**3.** "Where a party has been obstinate, the court shall in its judgment impose on such person the payment of a sum for attorney's fees."