Carmen **MARSHALL**, et al., **Plaintiffs**,

v.

**F.W. WOOLWORTH, INC., Defendant.**

**Civ. No. 87–563.**

United States District Court,
D. Puerto Rico.

Aug. 31, 1988.
Order Granting Default and Sanctions
Sept. 16, 1988.

José L. Rivero, San Juan, P.R., for plaintiffs.

---

Renato Barrios, Gervitz & Barrios, Hato Rey, P.R., for defendant.

## ORDER

LAFFITTE, District Judge.

This matter is before the Court on plaintiff's motion for entry of default against defendant. Said motion is unopposed. The Court orders that all of defendant's affirmative defenses be stricken from the record.

We begin by recounting the history of obstinate and contumacious behavior by defendant's counsel. On July 24, 1987, plaintiff served defendant a set of interrogatories. The Magistrate granted defendant an extension until October 2, 1987 to answer said interrogatories and warned that failure to comply would result in sanctions. The Magistrate also imposed a $100.00 sanction against defendant's counsel for failure to appear at the scheduled status conference.[1] *See* Status Conference Report dated September 28, 1987.

On October 2 and 6, 1987, plaintiff filed a motion and supplemental motion respectively requesting an order to compel discovery and/or sanctions. Plaintiff argued that defendant had not answered the interrogatories as required by the Magistrate's order and that the answer was needed in order to prepare for an upcoming deposition. The Magistrate then ordered defendant to show cause by October 25, 1987 why sanctions should not be imposed for failure to answer the interrogatories. *See* Order dated October 13, 1987.

Plaintiff moved for sanctions on October 13, 1988 when defendant failed to appear at a scheduled meeting for production of documents. Shortly thereafter, plaintiff again moved for sanctions when defendant did not comply with the order to show cause regarding the answer to the interrogatories. Several days later, defendant filed a tardy response to the order to show cause. Defendant's counsel stated that the documents requested by plaintiff were being mailed. He also set out certain dates that he would be available in his office to discuss discovery matters with plaintiff's counsel. The Magistrate noted said response. *See* Order dated November 6, 1987. Plaintiff, nevertheless, continued to press for entry of default against defendant. On November 17, 1987, the Magistrate ordered the parties to hold a conference within the next ten days to discuss the discovery problems pursuant to Local Rule 311.11. *See* Order dated November 17, 1987.

At a status conference held on March 10, 1988 before the undersigned, plaintiff was granted five days to file a motion to compel discovery and defendant was ordered to notify plaintiff of the address and resume of defendant's expert, Luis Antonio Rosado. In the motion to compel discovery, plaintiff requested a more specific answer to question number 12 of the interrogatories regarding plaintiff's bonuses and incentives. Said motion was granted by another Magistrate. Defendant was given until May 10, 1988 to provide a specific answer to question number 12 and until May 4, 1988 to answer plaintiff's interrogatory question number 6, regarding defendant's expert witness. The Magistrate had warned in both orders that failure to comply with these orders would result in sanctions. *See* Magistrate's Orders dated April 15, 1988. On May 18, 1988 plaintiff for the fourth time requested entry of default against defendant for failure to comply with Court's orders and with discovery requests. Said motion is unopposed.

■ A party may move the Court for an order compelling discovery under Fed.R. Civ.Proc. 37(a). Under subdivision (a) of Rule 37, an evasive or incomplete answer is to be treated as a failure to answer, as is the case here. Fed.R.Civ.Proc. 37(a)(3). The district court is then empowered to impose sanctions against a party who fails to comply with a discovery order pursuant to Fed.R.Civ.Proc. 37(b); *Marquis Theatre Corp. v. Condado Mini Cinema*, 846 F.2d 86 (1st Cir.1988); *Ganapolsky v. Keltron*

---

1. The Magistrate in a subsequent order gave defendant until November 10, 1987 to pay the $100.00 sanction that he was fined for failing to appear at scheduled status conference. *See* Order dated October 29, 1987. Defendant paid the fine on November 4, 1987.

*Corp.*, 823 F.2d 700 (1st Cir.1987). Here, plaintiff made numerous requests to defendant to comply with discovery and moved the Court to issue an order compelling discovery. The Court was extremely patient with defendant's counsel and granted defendant several extensions with sufficient time to answer said interrogatories. Instead, defendant's counsel has shown a callous disregard for this Court's orders and for the orderly administration of justice. Almost one year ago, plaintiff served interrogatories upon defendant. Yet, defendant has not answered. Fed.R.Civ. Proc. 37(a)(3). This case is set for trial in less than two months and defendant has not provided the address and the resume of its expert witness. All discovery was to be concluded by April 30, 1988 pursuant to Scheduling Order of March 14, 1988. Defendant's failure to fully answer interrogatories shows deliberate effort to impede discovery and disrupt the scheduled trial date. Such uncooperative conduct will not be tolerated in this Court. In each of the orders to compel discovery, both the Magistrate and the undersigned have warned defendant that sanctions would be imposed. Unfortunately, we must visit the sins of the attorney on his client. *Cf. Corchado v. Puerto Rico Marine Management, Inc.*, 665 F.2d 410, 413 (1st Cir.1981), *cert. denied*, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982). Consequently, all of defendant's affirmative defenses are stricken from the record.

WHEREFORE, defendant's affirmative defenses are stricken from the record.

IT IS SO ORDERED.

## ORDER GRANTING DEFAULT AND SANCTIONS

■ In our order of September 1st, 1988 the Court recounted the history of contumacious behavior by defendant's counsel which resulted in the striking of the affirmative defenses from the answer to the complaint. It is obvious that the Court's sanction—which was less drastic than the entry of default sought by plaintiff—has had no dissuasive or chilling effect on defendant's counsel.

The record shows that counsel for the defendant does not have the slightest respect for the Court's orders, and evidently continues ignoring his responsibilities toward the bench, bar, and his client. On this occasion, following just 13 days from the September 1st, 1988 order striking the affirmative defenses, counsel failed to appear for the marking of exhibits, as directed by the Court in the Scheduling Order of December 16, 1988. The order stated in no uncertain terms that "failure to comply with this order shall result in the exclusion from evidence of the proposed exhibit for identification *and the imposition of sanctions* " (emphasis added).

Furthermore, counsel failed to meet with plaintiffs' counsel as directed, notwithstanding counsel Rivero–Vergne's letter to him, dated September 1st, 1988. In this letter counsel Barrios was reminded about the September 12, 1988 scheduled meeting at the U.S. Courthouse to identify or mark the documentary evidence before the Courtroom Deputy Clerk. Counsel Barrios' undauntedness and obstinacy surfaced again, and he again failed to appear or excuse himself for not attending. (See Courtroom Deputy Clerk memo of 9–13–88.)

Not surprisingly, plaintiff now moves again to enter defendant's default. The Court agrees and adds that this appear to be the most adequate sanction to defendant counsel's outrageous and contemptuous conduct. Unfortunately, the sins of the attorney must be visited upon his client. *Corchado v. Puerto Rico Marine Management, Inc.*, 665 F.2d 410, 413 (1st Cir.1981), *cert. denied*, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982).

Because entry of default is not enough, based on this record, the Court shall also impose a monetary sanction in the amount of $1,000.00 on counsel Renato Barrios.

WHEREFORE, defendant's default is hereby entered. The jury trial in the case shall be held in default; and counsel Renato Barrios is sanctioned in the amount of $1,000.00.

IT IS SO ORDERED.