**Allen J. DEMARY**

v.

**YAMAHA MOTOR CORPORATION, U.S.A.**

**Civ. A. No. 88–0195–F.**

United States District Court, D. Massachusetts.

April 4, 1989.

Alice E. Zaft, Cooley, Shrair, Alpert, Labovitz & Dambrov, P.C., Springfield, Mass., for plaintiff.

John Dwyer, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER REGARDING DEFENDANT'S MOTION TO EXTEND

MICHAEL A. PONSOR, United States Magistrate.

This is a product liability action against the manufacturer and distributor of an all terrain vehicle ("ATV").

On November 7, 1988 plaintiff served interrogatories on the defendant Yamaha Motor Corporation, U.S.A. Plaintiff's counsel contends, and defendant's counsel does not dispute, that she contacted defendant's counsel frequently after the expiration of the thirty day period for a response, but no answers or responses were ever served.

According to defendant's counsel, while taking a deposition in early March, defendant's counsel, upon being prodded again, promised plaintiff's counsel that he would serve the responses by March 31, 1989.

Perhaps doubting counsel's representation, or at any event unsatisfied with the response, plaintiff's counsel filed a motion for sanctions and to compel discovery on March 10, 1989 summarizing the problem and asking for costs and attorney's fees pursuant to Fed.R.Civ.P. 37. Defendant's counsel's two-sentence response to this motion conceded that he was "remiss" and averred that he had promised plaintiff's counsel that she "would receive a response to each of said discovery documents before the end of the month."

Since the "end of the month" was March 31, 1989, the court took defendant's counsel at his word—in retrospect, naively—and denied the plaintiff's Motion to Compel on the condition that answers and responses be served no later than March 31, 1989.

Now defendant's counsel, having gotten what he asked for, wants more. In this Motion to Extend he now seeks an extension to April 17, 1989 to serve the defendant's answers and responses. Not surprisingly, plaintiff's counsel opposes the motion.

Given that the motion for extension arrived at the court two days prior to the deadline, and the opposition one day prior, it is no longer possible for the defendant to comply with the court's previous order even if the extension were denied. As a practical matter, the question therefore boils down to one of sanctions.

The plaintiff's opposition seeks monetary sanctions plus an order entering judgment in favor of the plaintiff. Given the defendant's failure to comply with the court's order, which is particularly galling since the court gave the defendant precisely what it asked for, a recommendation of entry of judgment in favor of the plaintiff, at least on liability, would be within the court's discretion. *See, e.g., Spiller v. U.S. V. Laboratories, Inc.,* 842 F.2d 535, 537 (1st Cir.1988); *Farm Construction Services v. Fudge,* 831 F.2d 18, 20 (1st Cir.1987); *Ganapolsky v. Keltron Corporation,* 823 F.2d 700, 701 (1st Cir.1987); *Damiani v. Rhode Island Hospital,* 704 F.2d 12, 14–17 (1st Cir.1983).

This step, however, seems extreme in the circumstances of this case, since the defendant's violation of the court's order, while it may perhaps be described as flagrant, is not part of a lengthy course of conduct evidencing intentional disregard of multiple express orders.

As an alternative, the court will impose the following two sanctions.

First, the court hereby awards presumptive costs and attorney's fees in the amount of $2,000, to be paid by the attorney for the defendant (and not the defendant itself) no later than April 21, 1989. The fee award is described as "presumptive" because either party will have the right on or before April 21 to move for a hearing on the question of the sanctions, on the ground that the award is excessive, insufficient or wholly inappropriate. Litigants and their attorneys have the right to a hearing before sanctions are imposed. However, if neither

party moves for this hearing, the costs and fees will be paid by the date stated.

Second, defendant will be deemed to have waived any objections to the interrogatories and requests.

> In the absence of an extension of time, failure to object within the time fixed by the Rules is a waiver of any objection.

8 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2173, at 544 (1970).

Finally, defendant is hereby ordered to serve its answers to interrogatories and the responses to requests for production, in full, without objections, no later than April 28, 1989, upon pain of a recommendation of entry of judgment by default in favor of the plaintiff on the question of liability.

It is So Ordered.