Edith SLOANE, Plaintiff,

v.

Richard THOMPSON, Carolyn Mitchell, Tab Products Company, Bankers Life Company, and Tab Products Company Medical Plan, Defendants.

Civ. A. No. 83–195–WF.

United States District Court, D. Massachusetts.

Sept. 22, 1989.

MEMORANDUM AND ORDER

WOLF, District Judge.

This is an action in which plaintiff Edith Sloane seeks damages pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA") and under various laws of Massachusetts. The suit arises from the termination of Sloane's employment at defendant Tab Products Company ("Tab") and the subsequent refusal of certain defendants to provide medical benefits to which Sloane claims entitlement. In addition to Tab, Sloane has named as defendants several Tab employees, the Tab medical plan, and Banker's Life Company ("Banker's Life"), which had contracted with Tab to provide certain administrative services in connection with the medical plan.

Sloane alleges that she was terminated in retaliation for her claim for medical benefits and that the defendants improperly denied her claim pursuant to the applicable medical plan documents. Sloane also asserts that as a result of the defendants' wrongful termination of employment and denial of medical benefits she has suffered bodily and emotional injury for which she seeks compensatory damages in the amount of $1,000,000. *See* Amended Complaint ¶ 21 *et seq.* She also seeks punitive damages, and other monetary relief. *Id.*

On February 24, 1988, the Tab defendants (Richard Thompson, Carolyn Mitchell, Tab Products Company and Tab Products Medical Plan) filed a motion to dismiss Sloane's claims for failure to obey a court order requiring plaintiff to submit to a physical examination by February 19, 1988. The motion to dismiss was renewed on May 6, 1988 when plaintiff again failed to com-

ply with a second order of the court requiring plaintiff to attend a scheduled medical examination. Plaintiff opposes the motion to dismiss.

A hearing concerning the motion to dismiss was held on September 19, 1989. Upon consideration of the arguments of the parties, for the reasons stated below, the motion to dismiss for repeated violations of court orders must be allowed.

## I. FACTS

The facts relevant to the motion to dismiss are as follows. On December 22, 1987, the court scheduled a status conference in this case for January 11, 1988 and ordered the parties, including Sloane, to attend with their counsel. Prior to the conference, the Tab defendants requested and received permission to be available by telephone rather than to appear in person at the January 11, 1988 conference since they reside in California. On January 11, 1988, the court held the status conference. Sloane did not, however, appear. Since the court had received no notice that Sloane would not appear, the court ordered plaintiff's counsel to file an affidavit and memorandum to show cause why Sloane should not be held in contempt for her failure to attend the conference.

At the January 11, 1988 conference, counsel agreed, and the court ordered, that plaintiff would be examined by defendants' doctor by February 19, 1988 in order to facilitate trial preparation and settlement discussions. A written order memorializing the directions given on January 11, 1988 concerning this examination, among other things, was entered on January 20, 1988. On January 15, 1988, Tab's counsel notified plaintiff's counsel that an examination of Sloane had been scheduled for January 28, 1988 with Dr. Edwin Wyman.

On February 1, 1988, the court decided that, in view of the affidavit of plaintiff's counsel, no sanction for Sloane's failure to attend the January 11, 1988 conference would be imposed. The affidavit explained that Sloane found it difficult to leave her home because of her health, and was not able to make the necessary arrangements to attend the conference.

Sloane failed to comply with the court order requiring that she submit to a medical examination by defendants' doctor by February 19, 1988. Thus, on February 24, 1988, the defendants moved for dismissal of plaintiff's claims because she disobeyed the court's order and refused to submit to a physical examination. Plaintiff filed an opposition to this motion on March 7, 1988.

On March 9, 1988, this court again ordered Sloane to attend, by April 8, 1988, a medical examination by the physician designated by defendants. In that Order the court stated, in part, that, "If [Sloane] fails to attend, the court will consider defendants' motion to dismiss and may grant it."

On April 5, 1988, plaintiff requested an extension of the time limit imposed by the court's March 9, 1988 order to allow Sloane to be examined on May 4, 1988. The court solicited a response from defendants. Defendant Banker's Life replied that it did not oppose the medical examination being deferred until May 4, 1988.

On May 6, 1988, counsel for defendant Tab informed the court that Sloane had refused to appear for the medical examination rescheduled for May 4, 1988. Tab also renewed the request that plaintiff's complaint be dismissed because of Sloane's refusal to obey the court's orders.

At the September 19, 1989 hearing plaintiff's counsel informed the court that she had recently consulted Sloane, who would continue to refuse to submit to a medical examination if again ordered to do so.

## II. ANALYSIS

Fed.R.Civ.P. 37(b)(2)(C) provides that a court may issue just and appropriate sanctions, including dismissal, for failure to comply with a discovery order. Fed.R. Civ.P. 41(b) permits a court to dismiss an action for failure to comply with an order of the court. The same considerations are relevant with regard to dismissal under Rules 37(b)(2)(C) and 41(b), both of which are implicated in the instant case. *United States v. Pole No. 3172 Hopkinton*, 852 F.2d 636, 642 (1st Cir.1988).

Dismissal of an action is appropriate when plaintiff's misconduct is extreme and no lesser sanctions would be truly appropriate. *Enlace Mercantil Internacional v. Senior Industries*, 848 F.2d 315, 317 (1st Cir.1988). Indicia of "extreme" misconduct include "disobedience of court orders, ignorance of warnings, [and] contumacious conduct," as well as other aggravating circumstances. *Id.*

The court has concluded that dismissal is necessary and appropriate in this case because plaintiff's misconduct has been willful, extreme, and extended; and because the court can not discern an appropriate alternative sanction.

▪ Sloane does not claim, let alone offer evidence, that she has been physically unable to comply with the court's orders that she be examined. Rather, in her opposition to dismissal, Sloane claims, for the first time, that the court could not order her to submit to a medical exam because the exam was only necessary for settlement purposes. Specifically, Sloane argues that this court's orders did not and could not comply with Fed.R.Civ.P. 35(a).[1] Moreover, Sloane claims that even if the court's orders were proper, this is not an appropriate case for dismissal.

Plaintiff, however, is incorrect. The physical condition of the plaintiff in this case is a relevant issue. As confirmed at the September 19, 1989 hearing, Sloane seeks substantial damages for the alleged continuing deterioration of her physical condition as a result of defendants' alleged wrongful conduct. This contention makes her present physical condition highly relevant to the damage remedy she would be seeking if this case were tried.[2] Although Sloane was examined by her own doctor when this litigation commenced in 1983, she has not had a recent examination by her doctor or a doctor designated by the defendants. According to her counsel, however, Sloane's medical condition has seriously deteriorated, thus increasing the damages to be sought if Sloane were to succeed in proving her claim.

This court, therefore, believed on January 11, 1988 that defendants were entitled to a medical examination before trial as discovery concerning Sloane's alleged damages, and that the examination would also facilitate the settlement discussions which Sloane's counsel was interested in pursuing. After all counsel agreed, the court ordered a medical examination, the parameters of which had been discussed and also agreed upon by counsel. A medical examination was scheduled and notice was given to plaintiff.

Despite the court's order, Sloane refused to comply. The court issued a second order on March 9, 1988, which stated that "the examination is essential for trial." The court, therefore, again ordered Sloane to attend a medical examination at a time and date specified by defendant Tab, and warned of possible dismissal if she did not comply. Notice was given to the plaintiff. Thus, the court's orders requiring such discovery were proper pursuant to Fed.R. Civ.P. 35(a).

In view of the foregoing, Sloane's conduct, now lasting over 18 months, constitutes willful disobedience of court orders which are, among other things, important to defendants' ability to prepare properly for trial. Defendants would be truly prejudiced if required to try Sloane's claim for substantial monetary damages based upon her allegedly deteriorated physical condition without the benefit of a recent medical examination.

---

1. Fed.R.Civ.P. 35(a) states in pertinent part:

   When the mental or physical condition ... of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician.... The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the

examination and the person or person by whom it is to be made.

2. Plaintiff claims that she is entitled to extracontractual, compensatory damages. *See Drinkwater–Metropolitan Life Ins.*, No. 85–4468–Y, slip op. (D.Mass. May 21, 1986). Defendants contest this. On September 19, 1989, plaintiff's counsel represented that recent caselaw supports her position and she was continuing to seek such damages.

Moreover, the court concludes that there is no sanction short of dismissal which would now be truly appropriate in the circumstances of this case. This issue was fully explored with plaintiff's counsel at the September 19, 1989 hearing. Plaintiff, it has been represented, does not have the means to pay monetary sanctions, and there is not justification for ordering counsel to do so. More importantly, such sanctions would not furnish defendants with the information necessary to address Sloane's claims for damages at trial. In addition, neither plaintiff's counsel nor the court believe the case can or should be tried without evidence concerning plaintiff's current physical condition.

Dismissal of this case is consistent with many cases in which the Court of Appeals for the First Circuit has affirmed the use of dismissal as a sanction. For example, the Court of Appeals for the First Circuit has upheld the sanction of dismissal under Rule 37 in a case in which "on at least three different occasions, the plaintiff ignored court orders without justification or explanation." *Spiller v. U.S.V. Laboratories, Inc.*, 842 F.2d 535, 537 (1st Cir.1988). In *Spiller*, as in the instant case, the Court found that the plaintiff was given ample time to comply, and was warned of adverse consequences for failure to comply. *Id.*

Similarly, a Rule 37 dismissal was upheld in a case in which the trial court gave the plaintiff more than one chance to comply with a discovery order, and additional time when requested. *Damiani v. Rhode Island Hospital*, 704 F.2d 12, 13 (1st Cir. 1983). In *Damiani*, as here, the plaintiff still failed to comply after receiving an extension of time. *Id.*

In addition, the Court of Appeals for the First Circuit found a violation of both Rule 37 and Rule 41 in *Corchado v. Puerto Rican Marine Management, Inc.*, 665 F.2d 410 (1st Cir.1981) *cert. denied* 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982). In *Corchado*, plaintiff's two attorneys missed several discovery deadlines concerning interrogatories. *Id.* 665 F.2d at 411–13. In addition, one of the two attorneys failed to attend a pretrial conference. *Id.* These failures prompted the district court to dismiss the case. *Id.* The Court of Appeals affirmed, and held that such behavior provided two grounds for dismissal, Rule 37(b)(2)(C) and Rule 41(b). *Id.* at 413.

In *Ganapolsky v. Keltron Corp.*, a magistrate ordered the plaintiff to supply more detailed interrogatory answers, and he never did. 823 F.2d 700, 701 (1st Cir.1987). The court had warned plaintiff that failure to comply might result in dismissal. *Id.* When four months passed with no responses, the court dismissed the case. *Id.* The Court of Appeals for the First Circuit affirmed that "just" cause for dismissal existed. *Id.*

The foregoing cases, therefore, confirm the propriety of dismissal as a sanction in this case.

Finally, while the court has only considered the circumstances of this case in deciding to order dismissal, the court hopes this sanction will also send an important message to lawyers and litigants in other cases—a message that willful disobedience of court orders seriously injures the administration of justice and entails the risk of drastic consequences.

Several years ago this court was assigned 550 civil cases, as well as numerous criminal matters. The court seeks to make informed judgments in each case, while efficiently moving all cases toward just resolutions. These are ambitious and important goals, which the court could not hope to realize if lawyers and litigants believed that they could with impunity disobey court orders with which they disagreed.

There are proper ways to request relief from court orders perceived to be oppressive. Sloane has been represented by experienced, able, energetic counsel. Yet Sloane did not request a modification of the order at issue in this case, although in retrospect it appears that any such request would have been without merit. Rather, Sloane simply arrogated to herself the right to disobey the court's orders, even after being warned of the possibility of dismissal. Sloane's conduct has prejudiced the defendants and injured the court's abili-

ty to manage the progress of this case and others on its calendar.

It is unfortunate that Sloane has now forfeited her right to a day in court. She is in this respect, however, simply suffering from a self-inflicted wound.

## III. ORDER

For the foregoing reasons, this case is hereby DISMISSED with prejudice.