# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARK H. GOLDBERG, SHERRY R.
GOLDBERG, AND THE MH & SR
GOLDBERG FAMILY TRUST BY MARK
H. GOLDBERG AND SHERRY R.
GOLDBERG, as Trustees,

*Plaintiffs-Appellees,*

v.

PACIFIC INDEMNITY COMPANY AND
FEDERAL INSURANCE COMPANY,
*Defendants-Appellants.*

No. 09-16243

D.C. No.
CV-05-2670-JAT

OPINION

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted
November 1, 2010—San Francisco, California

Filed December 6, 2010

Before: Arthur L. Alarcón and Pamela Ann Rymer,
Circuit Judges, and David G. Trager, District Judge*

Opinion by Judge Trager

*The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

19437

**COUNSEL**

David B. Goodwin, Covington & Burling LLP, San Francisco, California, for the appellants and cross-appellees.

Robert M. Traylor, Seltzer, Caplan, McMahon, Vitek, San Diego, California, for the appellees and cross-appellants.

## OPINION

TRAGER, District Judge:

Defendants Pacific Indemnity Co. and Federal Insurance Co. (collectively "defendants") appeal the district court's denial of their request for expert witness fees and double costs pursuant to Arizona Rule of Civil Procedure 68 ("Arizona Rule 68"). The district court found that Arizona Rule 68 did not apply because it conflicts with Federal Rule of Civil Procedure 68 ("Federal Rule 68"), under which defendants are not entitled to recover costs because judgment was entered in their favor. This court has jurisdiction under 28 U.S.C. § 1291. For the following reasons, the district court's decision is affirmed.[1]

## Facts and Procedural History

Defendants' request for expert witness fees and double costs arises out of a breach of contract and bad faith action brought by plaintiffs Mark H. Goldberg, Sherry R. Goldberg and the MH & SR Goldberg Family Trust (collectively "plaintiffs") against defendants for refusing to raze and rebuild the Goldbergs' home in response to plaintiffs' insurance claim that the house intermittently reeked of urine, and that the smell could not be eliminated using traditional remediation measures. Plaintiffs' complaint alleges that their raze and rebuild demand was required under the "all risk" insurance policy that defendants issued for the Goldbergs'

---

[1]This appeal was brought as a cross-appeal to plaintiffs' appeal of various decisions by the district court. (No. 08-17316.) We affirm the district court with regard to all issues raised in plaintiffs' appeal in a memorandum disposition filed concurrently with this opinion.

house, and that defendants acted in bad faith by, inter alia, failing to conduct an adequate investigation of plaintiffs' claim.

On July 6, 2007, defendants made an offer of judgment "pursuant to Rule 68 of the Federal Rules of Civil Procedure" in the amount of $1.25 million. Plaintiffs did not respond to defendants' offer, causing the offer to lapse ten days later. On February 20, 2008, the district court granted defendants' motion for summary judgment on plaintiffs' bad faith claim, but denied their motion for summary judgment on plaintiffs' breach of contract claim. Plaintiffs' breach of contract claim then proceeded to trial on August 27, 2008. After a thirteen-day jury trial, the jury issued a verdict in favor of defendants.

On May 13, 2009, the district court awarded defendants nearly $3 million in attorneys' fees under Arizona law. The district court, however, denied defendants' request for reasonable expert witness fees and double costs under Arizona Rule of Civil Procedure 68, finding instead that Federal Rule 68 applied, and that defendants were not entitled to costs under the federal rule.

## Discussion

**[1]** Arizona Rule 68 provides that, if either party makes an offer of judgment or offer of settlement that is declined by the opposing party, the offeror is entitled to mandatory expert witness fees and double costs if that party obtains a final judgment that is equal to or more favorable to the offeror than the offer.[2] Federal Rule 68, on the other hand, provides that an

---

[2]The version of Arizona Rule 68 in effect when defendants' offer of judgment was made stated: "If the judgment finally obtained is equal to, or more favorable to the offeror than, the offer, the offeree must pay, as a sanction, those reasonable expert witness fees and double the taxable costs of the offeror, as defined in A.R.S. § 12-332, incurred after the making of the offer. . . ." Ariz. R. Civ. P. 68(d) (2007).

offeror defendant is entitled to costs if the opposing party obtains judgment that is less favorable than the offer.[3] Unlike the Arizona rule, the federal rule only applies to offers made *by defendants*; it has no application to offers made by plaintiffs. *Simon v. Intercontinental Transp. (ICT) B.V.*, 882 F.2d 1435, 1439 (9th Cir. 1989). In addition, Federal Rule 68 does not allow a defendant to recover costs when judgment is entered in the defendant's favor.[4] *See Delta Air Lines v. August*, 450 U.S. 346, 352 (1981).

**[2]** The question presented by this appeal is whether Arizona Rule 68 applies in a federal diversity action when judgment is entered in favor of the defendant, making the defendant unable to recover costs under Federal Rule 68. We find that it does not.

**[3]** Under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts are to apply state substantive law and federal procedural law to diversity cases. When there is a conflict between federal procedural rules and state substantive rules, courts must first determine whether the federal rule is "sufficiently broad to control the issue." *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749 (1980). If the federal rule is sufficiently broad to create a direct conflict, then the federal rule controls so long as it does not transgress the limits of the Rules Enabling Act or the Constitution.[5] *Shady Grove Ortho-*

---

[3]Federal Rule 68 states: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

[4]A prevailing defendant may recover costs under Federal Rule of Civil Procedure 54(d)(1), which states: "Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." This court has held that the rule creates a presumption in favor of awarding fees, and that the district court has limited discretion to deny fees under the rule. *See Assoc. of Mexican-Am. Educators v. California*, 231 F.3d 572, 591-92 (9th Cir. 2000) (en banc). Defendants did not request fees under Rule 54(d)(1).

[5]Defendants do not argue that Federal Rule 68 transgresses the limits of the Rules Enabling Act or the Constitution.

*pedic Assoc. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1437 (2010); *Hanna v. Plumer*, 380 U.S. 460, 463-64 (1965). If there is no direct conflict between the federal rule and the state rule, courts must look to the policies underlying *Erie*, namely its twin aims: "discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Hanna*, 380 U.S. at 468; *see also Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 428 (1996); *Metabolife Int'l Inc. v. Wornick*, 264 F.3d 832, 845 (9th Cir. 2001).

**[4]** In order to determine whether there is a direct conflict between a federal and state rule, "[f]ederal courts have interpreted the Federal Rules . . . with sensitivity to important state interests and regulatory policies." *Gasperini*, 518 U.S. at 427 n.7 (citing *Walker*, 446 U.S. at 750-52 and *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 60 F.3d 305, 310-12 (7th Cir. 1995)). But when "the purposes underlying the [Federal] Rule are sufficiently coextensive with the asserted purposes of the [state rule] to indicate that the [Federal] Rule occupies the [state rule's] field of operation," then the two rules are in direct conflict and the Federal Rule "preclude[s] [the state rule's] application in federal diversity actions." *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 7 (1987).

With regard to Federal Rule 68, the question of whether there is a direct conflict with its state law counterparts depends, at least in part, on the scope of the relevant state rule and the circumstances under which it would be applied in the particular case. Federal courts have found that state counterparts to Federal Rule 68 apply in federal diversity actions under some circumstances, but not others.

For instance, because Federal Rule 68 applies only to offers of judgment by defendants, and not to offers of settlement by plaintiffs, several circuits have found that state rules that allow for some form of sanctions when a plaintiff's offer of settlement is rejected *do not* conflict with Federal Rule 68. *Garcia v. Wal-Mart Stores, Inc.*, 209 F.3d 1170, 1176 (10th

Cir. 2000) (finding no direct conflict because "Rule 68 only governs defendants' costs, while plaintiff's costs are the subject of the Colorado statute"); *S.A. Healy Co.*, 60 F.3d at 310 ("There is no direct conflict between the Wisconsin rule concerning plaintiffs' settlement demands and any rule of federal procedure; . . . Rule 68 is limited to offers by defendants.").

But when it is a defendant whose offer of judgment is rejected, at least one circuit has held that state rules that allow for some form of sanction *do* conflict with Federal Rule 68 in cases where Rule 68 allows for recovery of costs — namely, when a plaintiff obtains a judgment, but the judgment "is not more favorable than the unaccepted offer." Fed. R. Civ. P. 68(d). This is so even when the state rule provides for recovery of costs, fees or sanctions that are not available under Federal Rule 68. *Gil De Rebollo v. Miami Heat Assoc.*, 137 F.3d 56, 66 (1st Cir. 1998) ("[Puerto Rico] Rule 35.1 and [Federal] Rule 68 both ostensibly apply to this case and would result in a different award. The two rules are in 'direct collision' despite the fact that they are not 'perfectly coextensive' because Rule 68 is 'sufficiently broad to cover the point in dispute.' "); *cf. Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167-68 (9th Cir. 1995) (holding that the federal expert witness compensation rules are in direct conflict with the state rules, even when the state rules allow for a greater recovery).

However, none of the cases cited above directly address the question presented by the instant appeal,[6] and this court has

---

[6]The only circuit that has addressed this particular situation is the First Circuit, which held that Puerto Rico Rule of Civil Procedure 35.1 applies in cases like the one at bar because the Puerto Rico rule, unlike Federal Rule 68, "permits recovery of costs, fees and expenses by a defendant/offeror when the plaintiff/offeree loses the suit in its entirety." *Ganapolsky v. Keltron Corp.*, 823 F.2d 700, 701 (1st Cir. 1987). Because we reach the opposite conclusion, we note that the First Circuit's opinion in *Ganapolsky* does not include any significant discussion of the *Erie* analysis. *Id.* at 702.

never directly addressed the issue.[7] In this case, defendants' offer of judgment was made pursuant to Federal Rule 68 (unlike a plaintiff's offer of settlement, which would never be made pursuant to Federal Rule 68), but defendants are unable to recover costs under Federal Rule 68 because judgment was entered in their favor — a situation for which the Federal Rule does not allow recovery. Under these circumstances, the purposes underlying Federal Rule 68 are sufficiently coextensive with the asserted purposes of Arizona Rule 68 to indicate that the federal rule occupies the Arizona rule's field of operation.

[5] Both Federal Rule 68 and Arizona Rule 68 are meant to encourage settlement of litigation. See *Delta Air Lines v. August*, 450 U.S. 346, 352 (1981); *Warner v. Sw. Desert Images, LLC*, 180 P.3d 986, 1002 (Ariz. App. 2008); *Wersch v. Radnor/Landgrant-a Phoenix Partnership*, 961 P.2d 1047, 1050 (Ariz. App. 1997). In fact, Arizona courts have relied on federal precedent concerning Federal Rule 68 in interpreting their own Rule 68. *See Wersch*, 961 P.2d at 1050 (citing *Delta Air Lines*, 450 U.S. at 352 & n.8). Furthermore, both rules promote settlement, at least in part, by providing an incentive for defendants to make offers of judgment. Because Federal Rule 68 and Arizona Rule 68 have the same purpose, at least when invoked by defendants, the federal rule occupies the field of operation and they are therefore in direct conflict with each other.

The fact that the scope of Federal Rule 68 differs somewhat from that of Arizona Rule 68 does not make the conflict

---

[7]This court's opinion in *MRO Commc'ns, Inc. v. Am. Telephone & Telegraph Co.*, 197 F.3d 1276 (9th Cir. 1999), is not on point because it deals with attorneys' fees, not costs. In that case, the district court awarded attorneys' fees under Federal Rule of Civil Procedure 54(d)(2), which explicitly incorporates the substantive statutes under which attorneys' fees might be available, including state attorneys' fees statutes. *Id.* at 1280. The corresponding rule that deals with costs, Federal Rule 54(d)(1), does not incorporate state statutes.

between the two rules any less significant. The Supreme Court's decision in *Burlington Northern Railroad Co. v. Woods*, 480 U.S. 1 (1987), is instructive on this point. In that case, the Supreme Court held that an Alabama statute imposing a mandatory fixed penalty on appellants who obtain stays on judgments pending unsuccessful appeals directly conflicts with Federal Rule of Civil Procedure 38 ("Federal Rule 38"), which affords a court of appeals plenary discretion to assess "just damages" in order to penalize an appellant who takes a frivolous appeal. *Id.* at 7. Although Federal Rule 38 only applies to frivolous appeals, the Court concluded that the two rules are in direct conflict for non-frivolous appeals as well, even though the Alabama rule would mandate a 10% penalty whereas the federal rule would not allow recovery. *Id.* at 7-8. According to the Court, despite the differences in both the scope and effect of the two rules, the rules "unmistakably conflict[ ]" because "the purposes underlying the [rules] are sufficiently coextensive" so as occupy the same "field of operation." *Id.* at 7 & n.5.

As in *Burlington Northern*, the federal and state rules at issue in this case occupy the same "field of operation" in situations where a defendant makes an offer of judgment, even if the rules differ somewhat in scope and effect. As such, the two rules are in direct conflict under those circumstances, regardless of whether a defendant is ultimately able to recover costs under Federal Rule 68.[8]

The conflict between Federal Rule 68 and Arizona Rule 68 becomes even clearer when Arizona Rule 68 is compared to the Federal Rules of Civil Procedure as a whole, as opposed

---

[8]In *S.A. Healy Co.*, the Seventh Circuit suggested as much in dicta. In that case, the court held that Wisconsin's statute allowing a plaintiff/offeror to recover double costs if its settlement demand is rejected applied in a federal diversity action, but stated that "if the case involved defendants' offers of settlement . . . we would have a state rule and a federal rule covering the identical issue." 60 F.3d at 311.

to Federal Rule 68 in isolation. Although a prevailing defendant cannot recover costs under Federal Rule 68, it would be unnecessary for such a defendant to seek costs under Rule 68 because a prevailing defendant is generally entitled to recover costs under Federal Rule of Civil Procedure 54(d)(1). Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party, and a district court has limited discretion to deny fees under the rule. *See Assoc. of Mexican-Am. Educators v. California*, 231 F.3d 572, 591-92 (9th Cir. 2000) (en banc). When Federal Rules 68 and 54(d)(1) are read in concert, it becomes clear that their combined scope is nearly identical to that of Arizona Rule 68 with regard to offers by defendants. Although state and federal rules need not be entirely co-extensive in scope to be in direct conflict with one another, the fact that the state and federal schemes are nearly identical in scope when applied to offers by defendants provides further support for the conclusion that Arizona Rule 68 is in direct conflict with Federal Rule 68 when invoked by defendants.

## Conclusion

**[6]** Because Arizona Rule of Civil Procedure 68 directly conflicts with Federal Rule of Civil Procedure 68 when applied to prevailing defendants/offerors, the district court's decision to deny defendants' request for expert witness fees and double costs under Arizona Rule of Civil Procedure 68 is affirmed.

**AFFIRMED.**