**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENTON L. CROWLEY; JOHN A. FLORES, | No. 12-55376 |
| Plaintiffs - Appellants, | D.C. No. 3:09-cv-00641-L-BGS |
| v. | MEMORANDUM[*] |
| EPICEPT CORPORATION, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Argued and Submitted November 7, 2013
Pasadena, California

Before:  O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

Plaintiffs Dr. Kenton Crowley and Dr. John Flores appeal the district court's

grant of summary judgment to Defendant EpiCept Corporation on Plaintiffs'

claims for breach of contract, breach of the implied covenant of good faith and fair

dealing, fraud, and rescission, and the district court's denial of Plaintiffs' motion to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

amend. In this diversity case concerning a patent-assignment contract with a New Jersey choice-of-law provision, we apply federal procedural law and New Jersey substantive law. Goldberg v. Pac. Indem. Co., 627 F.3d 752, 755 (9th Cir. 2010). Reviewing de novo the district court's grant of summary judgment for Defendant, County of Sonoma v. Fed. Hous. Fin. Agency, 710 F.3d 987, 992 (9th Cir. 2013), we reverse and remand. Reviewing for abuse of discretion the district court's denial of Plaintiffs' motion to amend, Chodos v. W. Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002), we affirm.

1. On Plaintiffs' breach of contract claim, the district court erred in granting summary judgment to Defendant because there were genuine issues of material fact. Coszalter v. City of Salem, 320 F.3d 968, 973 (9th Cir. 2003).

First, the district court erred when it held that the contract's definition of an "improvement" as any "modification . . . [that] would, if unlicensed, infringe" the patent would produce absurd result, on the theory that no improvement could be both a modification and an infringement. An "improvement" that updates a component of the technology used in a method patent, however, could be both a modification and an infringement. See Energy Transp. Grp., Inc. v. William Demant Holding A/S, 697 F.3d 1342, 1352 (Fed. Cir. 2012) (affirming a jury's verdict that the defendant's hearing aid infringed the plaintiff's method patent; the

2

defendant's hearing aid used a new technological component that had not been available when the plaintiff's patent was filed, and was an infringement under the doctrine of equivalents), cert. denied, 133 S. Ct. 2010 (2013). Because the district court excised the definition of "improvement" as an infringing modification from the contract, it did not reach the question whether Plaintiffs' use of the ointment to treat burns would have infringed and was therefore an "improvement" under the contract. Genuine questions of material fact remain as to whether Plaintiffs breached their contractual duties by failing to report Plaintiff Flores' use of the patented product as a burn ointment.

Second, even if Plaintiffs' failure to report this use of the ointment was a breach, it must have been a material breach—one that "defeat[s] the purpose of the contract," Magnet Resources, Inc. v. Summit MRI, Inc., 723 A.2d 976, 981 (N.J. Super. Ct. App. Div. 1998) (internal quotation marks omitted)—to excuse Defendant from the performance of its duties, Nolan ex. rel v. Lee Ho, 577 A.2d 143, 147 (N.J. 1990) (per curiam); Magnet Resources, 723 A.2d at 981. Whether Plaintiffs' purported breach was material is a question of fact, Magnet Resources, 723 A.2d at 982, making summary judgment improper, Coszalter, 320 F.3d at 973.

2. On Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing, the district court erred in granting summary judgment to Defendant

3

because there were genuine issues of material fact. Id. Plaintiffs proffered evidence that Defendant, which had an exclusive right to develop Plaintiffs' patents, repeatedly reassured Plaintiffs that it was taking steps toward developing Plaintiffs' patents, but instead devoted resources to other projects. A rational trier of fact could find from such evidence that such conduct by Defendant demonstrated "bad motive or intention," Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs., 864 A.2d 387, 396 (N.J. 2005), and destroyed Plaintiffs' "reasonable expectations and right to receive the fruits of the contract," Sons of Thunder, Inc. v. Borden, Inc., 690 A.2d 575, 589 (N.J. 1997). Because there was "conflicting evidence" about whether Defendant "reasonably exercised its discretion under the circumstances and in light of the reasonable expectations of the parties," summary judgment for Defendant on the claim for breach of the implied covenant of good faith and fair dealing was improper. Emerson Radio Corp. v. Orion Sales, Inc., 253 F.3d 159, 172 (3d Cir. 2001) (applying New Jersey law) (internal quotation marks omitted).

3. On Plaintiffs' fraud claim, the district court erred in part in granting summary judgment to Defendant because there were genuine issues of material fact concerning Plaintiffs' claim for fraud after the parties had entered into the contract. Coszalter, 320 F.3d at 973. Defendant failed to meet the contract's 2002 Food and

4

Drug Administration filing deadline, but Plaintiffs proffered evidence that Defendant reassured them that it was still taking steps to do so. A rational finder of fact could find that this missed deadline gave Plaintiffs grounds to seek reassignment of the patents in 2002, but they did not begin to do so until 2004. Viewing the evidence in the light most favorable to Plaintiffs, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), a rational trier of fact could find (a) that, at some point after the parties entered into the contract, Defendant knowingly made a material misrepresentation to Plaintiffs about its then-present intent to develop Plaintiffs' patents, and (b) that Plaintiffs relied, to their detriment, by delaying seeking reassignment of the patents, Gennari v. Weichert Co. Realtors, 691 A.2d 350, 367 (N.J. 1997).

Plaintiffs concede, however, that Defendant did not make any misrepresentations or withhold facts in the negotiations leading up to the contract. Therefore, the district court correctly granted summary judgment to Defendant on the claim of fraud in the inducement of the contract, because Plaintiffs present no evidence of material misrepresentations by Defendant before the signing of the contract. Id.

4. On remand, if the trier of fact finds fraud, the district court has discretion to consider rescission as an equitable remedy, so long as Plaintiffs have acted

5

within a reasonable amount of time, there has not been substantial performance and, as far as it is practicable, rescission would return the parties as closely as possible to their original positions. Notch View Assocs. v. Smith, 615 A.2d 676, 679–80 (N.J. Super. Ct. Law Div. 1992). Accordingly, the district court erred in dismissing the request for rescission.

5. The district court did not abuse its discretion, Chodos, 292 F.3d at 1003, when it denied Plaintiffs' motion to amend their complaint. Plaintiffs did not seek to add a new party or theory. Rather, they sought to add new evidentiary support for their claims, which they will now have the opportunity to do at trial. See, e.g., Church of Scientology of Cal. v. United States, 920 F.2d 1481, 1490–91 (9th Cir. 1990) (holding that, even if the district court had erred by not allowing the plaintiff leave to file a reply brief, any error was harmless because it did not prejudice the plaintiff's rights).

**AFFIRMED in part; REVERSED and REMANDED in part.** Costs on appeal awarded to Plaintiffs-Appellants.