**Luis Adrian RIVERA POMALES, Marisell Sierra, Plaintiffs,**

v.

**BRIDGESTONE FIRESTONE, INC., Defendant.**

No. CIV.02–2324(JP).

United States District Court, D. Puerto Rico.

Aug. 3, 2004.

Michelle Pirallo–Di Cristina, Esq., Pinto–Lugo, Oliveras & Ortiz, PSC, San Juan, P.R., for Plaintiffs.

Salvador Antonetti–Zequeira, Esq., Banco Popular de Puerto Rico, San Juan, P.R., for Defendant.

## OPINION AND ORDER

PIERAS, Senior District Judge.

### I. INTRODUCTION

The Court has before it "Firestone's Motion to Amend or Alter Judgment" (**docket No. 100**) and Plaintiffs' opposition (docket No. 101).

The Court's "Final Judgment" (docket No. 99) dismissed with prejudice Plaintiffs' claims against Defendant without the imposition of costs or attorney fees. Defendant's motion argues that it is entitled to both costs and attorney fees.

### II. AWARDING COSTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(d)

Under Federal Rule of Civil Procedure 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party *unless the court otherwise directs* . . .". *See also Rodriguez–Garcia v. Davila*, 904 F.2d 90, 100 (1st Cir.1990) (holding that the "award of costs is a matter given to the discretion of the district court, which [the First Circuit] will review only to ensure that no abuse of discretion occurred"). Though the Court has discretion in awarding costs, the First Circuit obligates the Court to "offer some statement as to why it denied [Rule 54(d)(1)] costs to [the] prevailing party." *In re Two Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litigation*, 994 F.2d 956, 963 (1st Cir.1993).

While the First Circuit has not explained the reasons for which a district court may deny costs, the Seventh Circuit has held that denying costs is appropriate when the losing party is indigent or "there has been some fault, misconduct, default, or other action worthy of penalty" on the winner's side. *Burroughs v. Hills*, 741 F.2d 1525, 1542 (7th Cir.1984), *quoted in Dupont Plaza Hotel Fire Litigation*, 994 F.2d at 963. Similarly, the Eleventh Circuit has held that the "denial of costs is in the nature of a penalty for some defection on the prevailing party's part in the course of the litigation." *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000) (citation, quotation marks and alterations omitted).

In this light, the Court notes that one of Firestone's own exhibits states that the only reason it filed the present motion requesting an award of costs was simply "to short-circuit a possible appeal by plaintiffs." In fact, Defendant's reply motion (docket No. 107) concedes in a footnote that thwarting a possible appeal was in fact the purpose of filing the motion for costs, but argues that this is not a cognizable basis for the Court to deny their request for costs. The Court disagrees and holds that Defendant's bad faith intention of delaying the Court's proceedings is a proper ground for denying its motion for costs. The Court therefore hereby **DENIES** Firestone's motion requesting the Court to reconsider its denial of costs and attorney fees.

### III. AWARDING COSTS AND ATTORNEY FEES UNDER PUERTO RICO RULE OF CIVIL PROCEDURE 35.1

In a diversity case in Puerto Rico in which the plaintiff rejects a defendant's settlement offer, and then proceeds to lose the suit in its entirety, pursuant to Puerto Rico Rule of Civil Procedure Rule 35.1 ("Rule 35.1") the plaintiff must pay the costs and attorney fees that the defendant incurred subsequent to the settlement offer. *Ganapolsky v. Keltron Corp.*, 823 F.2d 700, 701–702 (1st Cir.1987). However, Rule 35.1 does not deprive the district court of all discretion. *Id.* at 702. A district court may deny a defendant's Rule 35.1 request for costs and attorney fees where (1) the settlement offer was not realistic, reasonable, or the product of good faith, (2) the defendant requested an unreasonable amount of attorney fees, or (3) the plaintiff had not acted obstinately, that is to say, his rejection of the settlement offer was reasonable. *Id.* (interpreting *Hermandad Unida de Carpinteros y Ebanistas de America v. V. & E. Engineering Construction Co.*, 115 D.P.R. 711 (1984)).

The Court has no problem finding Plaintiffs to have been reasonable in rejecting the $9,000.00 settlement offer that Defendant made a month before trial after the parties had concluded all discovery. The Court therefore hereby **DENIES** Defendant's re-

quest for costs and attorney fees under Rule 35.1.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** "Firestone's Motion to Amend or Alter Judgment" (**docket No. 100**).

**IT IS SO ORDERED.**