**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN K. SLAUGHTER; REBECCA FLINN; MEL HEALEY; and CAROL HEALEY,<br><br>Plaintiffs - Appellants,<br><br>DENNIS FABBRI; CARMEN FABBRI; ROBERT WOLINSKY; MARTHA WOLINSKY; and JANA M. ANDERSON,<br><br>Plaintiff-Intervenors - Appellants,<br><br>  v.<br><br>UPONOR, INC.; UPONOR NORTH AMERICA, INC.; RCR PLUMBING AND MECHANICAL, INC.; INTERSTATE PLUMBING & CONDITIONING, LLC; UNITED PLUMBING, LLC; FERGUSON ENTERPRISES, INC.; HUGHES WATER & SEWER, LP; and STANDARD WHOLESALE SUPPLY COMPANY,<br><br>Defendants - Appellees. | No. 10-15439<br><br>D.C. No. 2:08-cv-01223-RCJ-GWF<br><br>MEMORANDUM[*] |

--------

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| EDWIN K. SLAUGHTER; REBECCA FLINN; MEL HEALEY; and CAROL HEALEY, | No. 10-17844 |
| | D.C. No. 2:08-cv-01223-RCJ-GWF |
| Plaintiffs - Appellants, | |
| DENNIS FABBRI; CARMEN FABBRI; ROBERT WOLINSKY; MARTHA WOLINSKY; and JANA M. ANDERSON, | |
| Plaintiff-Intervenors - Appellants, | |
| v. | |
| UPONOR, INC.; UPONOR NORTH AMERICA, INC.; RCR PLUMBING AND MECHANICAL, INC.; INTERSTATE PLUMBING & CONDITIONING, LLC; UNITED PLUMBING, LLC; FERGUSON ENTERPRISES, INC.; HUGHES WATER & SEWER, LP; and STANDARD WHOLESALE SUPPLY COMPANY, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Argued and Submitted December 7, 2011
San Francisco, California

2

Before: O'SCANNLAIN and BERZON, Circuit Judges, and ENGLAND, District Judge.[**]

Edwin Slaughter and several other homeowners (collectively, "Homeowners") appeal the dismissal of their complaint with prejudice. Homeowners raise several issues on appeal. The facts are known to the parties and will not be recounted here.

I

First, Homeowners contend that the district court abused its discretion by imposing the condition of prejudice in its dismissal order.[1] Federal Rule of Civil Procedure 41(a)(2) states: "[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

Homeowners argue that state law requires the dismissal of this action without prejudice. *See* Nev. Rev. Stat. § 40.647(2) ("If a claimant commences an action without complying with [Chapter 40], the court shall: (a) Dismiss the action without prejudice and compel the claimant to comply with those provisions before filing another action . . . ."). It is unclear whether section 40.647(2) applies to this

---

[**]     The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

[1]     Defendants respond that we are without jurisdiction to consider a voluntary dismissal. That argument is foreclosed by our decision in *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995).

case. While the Homeowners did provide their contractors written notice of their construction defect claims, *id.* § 40.645(1), such notice was provided *after* the instant suit had been commenced. Moreover, it is not clear whether the Homeowners "[a]llow[ed] an inspection of the alleged constructional defect" as required by Nevada Revised Statutes § 40.647(1)(a).

The district court's failure to consider whether the Homeowners complied with Chapter 40 — and the district court's subsequent failure to consider whether Federal Rule of Civil Procedure 41(a)(2) or section 40.647(2) applies to this action under the *Erie* doctrine — was an abuse of discretion. *See generally Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Goldberg v. Pac. Indem. Co.*, 627 F.3d 752, 755–56 (9th Cir. 2010).

## II

Homeowners next ask us to pass judgment on various orders by the district court pertaining to several unrelated cases, including *Gables Condominium Owners Ass'n v. Uponor, Inc.*, No. 2:09-CV-01868 (D. Nev. 2010). We are without jurisdiction to render opinions on orders extraneous to the case at hand.[2] *See*

---

[2] Accordingly, we deny both Homeowners' Motion to Take Judicial Notice, filed September 12, 2011, and Homeowners' Motion to Take Judicial Notice, filed November 7, 2011, as moot.

4

*Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc).

### III

Finally, Homeowners argue that the district court erred by refusing to allow certain formerly putative class members to intervene after Homeowners' request for class certification was withdrawn. No one disputes that the applicants' motion was timely or that they asserted "an interest relating to the property or transaction which is the subject of the action." *Scotts Valley Band of Pomo Indians v. United States*, 921 F.2d 924, 926 (9th Cir. 1990). Yet the district court denied intervention because it concluded that applicants' interests were adequately represented by Homeowners. We disagree. The very fact that the motion to intervene was filed after Homeowners withdrew their motion for class certification shows that Homeowners did not adequately represent applicants' interests. The district court's denial of the motion to intervene was in error.

**REVERSED AND REMANDED.**[3]

---

[3] The district court's award of costs and fees to defendants falls with the reversal of the district court's judgment. *Bourns, Inc. v. Raychem Corp.*, 331 F.3d 704, 712 (9th Cir. 2003).